The opinion of the Court was delivered by
Glover, J.
This was an action of trover to recover damages for the conversion of a negro woman called Patsy, tried before Wardíaw, J., at Greenville, at an extra term of the Court, in August, 1858. The defendant as the agent of W. E. Prince, the owner of Patsy, sold her it is alleged to the plaintiff, into whose possession she went two days afterwards. Whether the contract of sale was complete depended upon the evidence, which consisted of the declarations of the parties.
On several occasions the defendant said he had sold her to plaintiff for six hundred and twenty-five dollars payable *534 at Christmas, and he once inquired, if plaintiff would “ take twenty-five dollars for a rue bargain,” and added, “if he would not. take it he might count on paying to the day or being sued.” To Westmoreland the plaintiff said, “I have until Christmas to decide whether I will take Patsy,” and to Prince he said “ I bought her with the understanding that I was to keep her till Christmas, then if I liked her, I was to keep her; if not, I was to pay'hire for her. He has taken her away ” In a conversation with Prince, when plaintiff applied to buy or hire Patsy, Prince said to him, “ if hired, she must be taken on condition that she shall be given up when called for, for I may sell her.” Before Christmas, the defendant forcibly took Patsy out of the possession of plaintiff, who afterwards brought this action.
The Judge says, “I explained to the jury the nature of the contract of sale and instructed them, that the plaintiff could not sustain this action unless there was title in him when the defendant took away the woman: that mutuality forbade the conclusion of such title, if the plaintiff had time for decision and was not then subject to the responsibilities of a buyer; and that, under-the supposition of something to be done at or before Christmas, the title remained in the defendant or in Prince, unless it should appear to the jury that the plaintiff had actually bought with the privilege on his part to rescind, at or before Christmas, upon payment of hire.” The jury found a verdict for the plaintiff’ and the defendant moves for a new trial on several grounds; but it is necessary to notice only -the first: “ Because the testimony plainly establishes the fact, that the contract of sale was only executory, and the plaintiff had no right of property.”
If the plaintiff’s account of the agreement be true, that he had bought with the understanding that he was to keep Patsy until Christmas, then if he liked her, he was to keep her, and if not, to pay hire, the contract *535 of sale was not complete but conditional, and tbe continuation of it must depend upon tbe condition. Sucb contracts are termed sale or return, (Ross on Vendors, 60,) and although the vendee bas a qualified property, the completion of tbe sale depends on tbe performance of the condition precedent. If tbe plaintiff bad kept the possession of Patsy until Christmas, and bad not then returned her, the contract would have been binding by the resolution of tbe condition; or, if be bad at Christmas approved her qualities on trial, tbe absolute property would have vested in him. In tbe case of Ellis vs. Mortimer, (1 Bos. & Pull. N. R. 257,) the contract, of sale was in all respects like this; there tbe plaintiff agreed to sell to the defendant bis horse for thirty guineas if he liked him, and that be should take him a month upon trial; and it was held, that defendant had to the end of the month to judge if he liked the horse at the price.
The defendant having taken Patsy out of the plaintiff’s possession, within the time limited, the performance of the condition precedent became impossible, and consequently, no absolute property vested in the plaintiff, who may have a remedy for the breach of the contract, but could not support an action of trover, unless he had title at the time of the conversion. We approve, therefore, the instructions 'given to the jury, “that under the supposition of something to be done at or before Christmas, the title remained in the defendant or in Princebut we are of opinion that there was error in the qualification annexed to this part of the charge:— “ Unless it should appear to the jury that the plaintiff had actually bought with the privilege on his part to rescind at, or before Christmas, upon payment of hire.”
A contract to purchase, with the privilege to rescind at or before a specified period, is a conditional contract of sale, and does not materially differ from a sale of goods on trial. If the jury believed that the plaintiff stated correctly the terms *536 of tbe contract, tbej may have been misled by this qualification of tbe charge, and on this ground a new trial is ordered.
Motion granted.
O’Neall, Wardlaw and MuNro, JJ., concurred.
Withers and WhitNER, JJ., did not bear tbe case.

Motion granted.